[No. 5873.]

## ARTHUR McDERMOTT and F. W. DAY v. H. K. MITCHELL.

PROBATE COURT—ASSIGNMENT OF BOND OF INDEMNITY.—The Probate Court had no power to make a certain order. [The order purported to authorize the assignment, by an administrator, of a bond of indemnity given to the decedent in his lifetime as Sheriff.—REPORTER.]

Action for Money Paid, etc.—When an action is brought to recover
   money paid for defendant, the plaintiff must prove the amount by him paid.
Judgment against Surety.—Where a judgment was recovered against a
   surety upon an undertaking on appeal, and the surety settled the judgment
   by paying a portion thereof, such payment did not operate an assignment
   of the judgment against the defendant in the action in which the appeal was
   taken, so as to authorize the surety to recover the whole amount of such
   judgment.

Appeal from the District Court of the Third Judicial District, City and County of San Francisco.

Action by sureties upon an appeal bond. The complaint contains two counts—one upon the bond, and the other for money paid, laid out, and expended to and for the use or benefit of defendant. Judgment was rendered for plaintiffs, and the defendant appealed. The other facts are stated in the opinion.

*McAllisters & Bergin* and *Botts & Aldrich*, for Appellant.

*J. B. Mhoon, Stewart, Vanclief & Herrin*, for Respondents.

By the Court:

Defendant Mitchell sued Dibble and Morris for certain barley and wheat, and caused a writ to issue to Middleton, Sheriff, commanding him to take the wheat and barley into his possession. Ellsworth notified the Sheriff that the property was his, and the Sheriff thereupon demanded indemnity of Mitchell, plaintiff in said action, defendant in the present. Mitchell executed and delivered to the Sheriff the bond set forth in the complaint. Subsequently, Ellsworth recovered judgment against Middleton for a return of the property, or the value thereof, and costs. Middleton appealed, giving the undertaking on appeal recited in the complaint herein, executed by Middleton and by the present plaintiffs. The judgment was affirmed, and Middleton failing to return the property or pay the amount of the alternative judgment, the complaint alleges that plaintiffs, being sued upon the undertaking on appeal, were compelled to pay the same.

The complaint also alleges the death of Middleton, insolvent, the appointment of Van Orden as administrator of the dece-

dent's estate, that the bond of indemnity executed to Middleton as Sheriff passed into the hands of such administrator as a portion of the assets, and that the bond was duly assigned to the plaintiffs herein.

1. There was no power in the Probate Court to make the order purporting to authorize the assignment by the administrator of the bond of indemnity, and the plaintiffs therefore acquired no interest as *assignees of the bond*, and cannot in that capacity maintain this action.

2. Treating the present action as brought for money paid, laid out, and expended to and for the use or benefit of defendant, the case fails to show the payment by plaintiffs of any certain or definite sum. Plaintiff McDermott testified that he and his co-plaintiff paid to Lott (in settlement of the Ellsworth judgment, of which said Lott was the assignee) " an amount in gold coin which was *at the time considered equivalent* to the amount of the judgment in paper currency of the United States," etc. The witness " did not recollect the precise amount paid," and added that " the full amount [of the judgment in favor of Ellsworth] was not paid." Yet a judgment was entered in the present action for the amount of the Ellsworth judgment, and interest and costs. The plaintiffs did not prove the payment to Lott of any particular sum of money, and there is no foundation for the claim that, in legal effect, they paid the full amount of the Ellsworth judgment, because they paid a sum in gold coin (not specified) which " was considered "—by Lott and themselves—to be the equivalent of such amount. For so much money paid and laid out they can recover only the sum they did pay.

3. There is no pretense that plaintiffs can recover herein as assignees of the Ellsworth judgment against Middleton. The allegation is that they paid and satisfied the judgment rendered against themselves.

The question whether the plaintiffs would be entitled to recover a sum actually proved to have been paid is not necessarily involved in this appeal.

Judgment and order reversed, and cause remanded for a new trial.